

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| GARY B. WADE, SR., | ) CASE NO. 10-31139-H3-7 |
| Debtor, | ) |
| RODNEY TOW, | ) |
| Plaintiff, | ) |
| v. | ) ADV. NO. 11-3625 |
| GARY B. WADE, SR., ET AL., | ) |
| Defendants. | ) |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Defendant, AAA Treasure International Company, Inc.'s, Amended Motion to Exclude the Deposition Testimony of Dawn Sykes" (Docket No. 138).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Gary B. Wade, Sr. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 9, 2010.  A discharge was entered on December 11, 2010.  Rodney Tow is the

Chapter 7 Trustee.

On December 9, 2011, two adversary proceedings were filed. In Adv. No. 11-3624, Buckeye Retirement Co., Ltd. ("Buckeye") seeks revocation of Debtor's discharge.

In the instant adversary proceeding, the Chapter 7 Trustee also seeks revocation of Debtor's discharge, and also seeks, inter alia, a determination that Debtor is the owner of Defendant AAA Treasure International Company, Inc. ("AAA"). Debtor, AAA, and Defendant Rochelle Lang have contended that Lang owns AAA.

AAA is not a party to Adv. No. 11-3624.

The instant adversary proceeding is set for trial on November 18, 2013. On July 31, 2013, the parties submitted a joint pretrial statement. In the joint pretrial statement, Trustee identified as an exhibit the "Deposition Transcript of Dawn R. Sykes dated June 1, 2012." (Docket No. 118).

In the instant motion, AAA seeks exclusion of the transcript of Sykes' deposition. The parties agree that the deposition of Sykes was conducted by Buckeye in connection with Adv. No. 11-3624.

Trustee contends that notice of Buckeye's deposition of Sykes was served on AAA one week prior to the deposition. Counsel for AAA stated that her office searched for an indication that notice was received, and was unable to find such an

indication. No evidence was presented on the question of whether the notice was served on AAA.

Counsel for AAA stated that she sought to locate Sykes, through the use of a private investigator, in order to conduct her own deposition of Sykes. Counsel stated that she was unable to locate Sykes.

### Conclusions of Law

Rule 32(a)(1) of the Federal Rules of Civil Procedure, as made applicable by BR 7032, provides:

> (a) Using Depositions.
>
>> (1) In General. At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>>
>>> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
>>> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>>> (C) the use is allowed by Rule 32(a)(2) through (8).

(Rule 32(a)(1), Fed. R. Civ. P.).

There is no reported authority on the question of who bears the burden of proof as to whether a party had reasonable notice of a deposition for the purposes of determining compliance with Rule 32(a)(1)(A). The purpose of Rule 32(a)(1)(A) is to ensure the reliability of the testimony in the deposition, by ensuring that a party who has a motive to develop that testimony has an opportunity to do so. The court concludes that the burden

of demonstrating such an opportunity rests with the party seeking admission of the deposition.

In the instant case, no evidence was presented as to efforts to notify AAA of the deposition conducted by Buckeye in 11-3624. The court concludes that Trustee has failed to meet the burden of proof under Rule 32(a)(1)(A).[1]

Trustee argues that the deposition should nevertheless be admitted as against Debtor, who is a defendant in Adv. No. 11-3624, and who Trustee asserts received adequate notice of the deposition. Trustee's argument is outside the ambit of the instant motion, and thus may be asserted at trial.[2]

Based on the foregoing, the court will enter a separate Judgment granting the "Defendant, AAA Treasure International Company, Inc.'s, Amended Motion to Exclude the Deposition Testimony of Dawn Sykes" (Docket No. 138).

Signed at Houston, Texas on November 8, 2013.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[1] The court notes that the provisions of Rule 32(a)(1) are written in the conjunctive form. Thus, even uses allowed under Rule 32(a)(1)(C), such as for impeachment (Rule 32(a)(2)), or where the witness is unavailable (Rule 32(a)(4)), are not allowed, where the proponent has not complied with Rule 32(a)(1)(A).

[2] The court notes that Debtor did not file a response to the instant motion, and did not enter an appearance at the hearing on the instant motion.